IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HENRY WILLIAMS                                                                    PETITIONER

v.                              NO. 4:21-cv-00111 BRW-PSH

DEXTER PAYNE                                                                     RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that petitioner Henry Williams ("Williams") was convicted in Pulaski County Circuit Court of first-degree battery. See Williams v. State, 2019 Ark. 152, 573 S.W.3d 547 (2019).[1] His sentence included an enhancement because the offense was committed in the presence of a child. See Id. Williams appealed and challenged the sentence enhancement, maintaining that the State failed to prove he committed the offense in the presence of a child. See Id. The Arkansas Court of Appeals found no reversible error and affirmed. See Id. When Williams did not seek additional appellate review, the state Court of Appeals issued its mandate on March 26, 2019. See Docket Entry 5, Exhibit G.

On May 29, 2019, Williams filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). See Docket Entry 5, Exhibit C at CM/ECF 45-59.[2] In the petition, he appeared to raise the following claims:

---

[1]  Williams had previously been convicted of first-degree battery for the same incident. On appeal, the conviction was reversed and remanded. See Williams v. State, 2016 Ark. App. 507, 505 S.W.3d 234 (2016).

[2]  The petition was not the first such petition Williams filed. On April 3, 2019, while his direct appeal was ongoing, he filed a Rule 37 petition. See Docket Entry 5, Exhibit A at CM/ECF 81-87. The state trial court denied the petition, apparently because it was premature. See Docket Entry 5 at CM/ECF 5.

> 1) Williams' right to due process was violated, his attorney was ineffective, and the state trial court committed error when Williams was prevented from testifying;
>
> 2) Williams' right to due process was violated, his attorney was ineffective, and the state trial court committed error when witnesses gave perjured testimony, Williams was prevented from testifying, and portions of the transcript from his first trial were redacted;
>
> 3) the state trial court committed error when it failed to grant defense motions, and Williams' attorney was ineffective when she did not pursue defenses, did not challenge false testimony, and prevented him from testifying.

See Docket Entry 5, Exhibit C at CM/ECF 54-56. The state trial court denied the petition for two reasons: it was untimely, and it exceeded the maximum number of pages. See Docket Entry 5, Exhibit C at 73-74.[3] Williams appealed. The state Court of Appeals summarily dismissed the appeal on September 2, 2020. See Docket Entry 5, Exhibit F.

---

[3] In so dismissing Williams' Rule 37 petition, the state trial court relied upon Rule 37.2(c)(ii), which provides, in part, that if a direct appeal was taken, the petition must be filed in the state trial court within sixty days of the issuance of the state appellate court mandate.

On February 10, 2021, Williams began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he appeared to raise three claims. Respondent Dexter Payne ("Payne") represents, and the undersigned agrees, that the claims are "essentially the same claims [Williams] unsuccessfully attempted to raise in the ... Rule 37 proceeding," see Docket Entry 5 at CM/ECF 7-8, those being claims of ineffective assistance of counsel, due process violations, and judicial misconduct.

Payne filed a response to Williams' petition. In the response, Payne maintained, in part, that the petition should be dismissed because it is time-barred.

Williams subsequently filed a reply in which he addressed Payne's assertion. Williams maintained that the petition at bar is timely because the period during which his Rule 37 petition was pending in the state court of Arkansas should not be counted in calculating the one-year period.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any time during which the period is tolled or otherwise excused, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

4

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Payne maintains that the one-year period began on March 26, 2019, or the day after the expiration of the eighteen day period during which Williams could have petitioned the Arkansas Supreme Court for review on direct appeal.[4]

Payne's position has merit and is adopted. The limitations period is that found at 28 U.S.C. 2244(d)(1)(A). The one-year period began on or about March 26, 2019, or on or about the day after the expiration of the eighteen day period during which Williams could have petitioned the Arkansas Supreme Court for review on direct appeal. He therefore had up to, and including, on or about March 25, 2020, to file a timely petition pursuant to 28 U.S.C. 2254. He waited, though, until February 10, 2021, to file the petition at bar. As a result, it is untimely. The only question is whether there is some reason for tolling the one-year period or otherwise excusing the untimely filing of his petition.

---

[4] Specifically, Payne maintains the following: "… In this case, [the] Arkansas Court of Appeals issued its decision on direct appeal on March 6, 2019, … and Williams had 18 days, until Monday, March 25, 2019, to petition the Arkansas Supreme Court for review. … He did not do so. …" See Docket Entry 5 at CM/ECF 11.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Here, the only question is whether Williams' Rule 37 petition was "properly filed."

Payne maintains that Williams' Rule 37 petition was not "properly filed" for purposes of 28 U.S.C. 2244(d)(2) and did nothing to toll the one-year period. Specifically, Payne maintains, in part, the following:

> … An untimely filed, postconviction petition it not a "properly filed" application for purposes of tolling the AEDPA limitation period. E.g., Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "[W]e hold that time limits, no matter their form, are 'filing' conditions [and] [b]ecause the state court rejected [a postconviction] petition as untimely, it was not 'properly filed,' and the [habeas petitioner] is not entitled to statutory tolling under [section] 2244(d)(2)." Id.
>
> …
>
> Williams's petition was not properly filed because it was dismissed for being out of compliance with procedural requirements regarding its form. See, e.g., Nelson v. Norris, 618 F.3d 886, 892 (8th Cir. 2010) (rejecting habeas petitioner's claim for statutory tolling because state postconviction petition was not "properly filed," when state court held it was not properly verified; see also Walker, 436 F.3d at 1030 (same). On appeal, Williams did not address either basis for the trial court's summary dismissal of his Rule 37 petition …, so, in turn, the state appellate court summarily dismissed the appeal …

See Docket Entry 5 at CM/ECF 12-13.

Williams disagrees. He maintains that his Rule 37 petition was "notarized, certified, and mailed" by prison officials on May 1, 2019, or within the sixty day period for filing such a petition, and the Pulaski County Circuit Court Clerk "purposely withheld" the petition until filing it on May 29, 2019. See Docket Entry 11 at CM/ECF 9.

If a state court rejects a post-conviction petition as untimely, it is not "properly filed" for purposes of 28 U.S.C. 2244(d)(2). See Pace v. Diguglielmo, 544 U.S. 408 (2005). See also Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006); Aydelotte v. Norris, No. 5:07-cv-00107-WRW, 2009 WL 1405213 (E.D.Ark. 2009). "Simply put, when a state court finds that a state post-conviction petition is invalid under state law, 'that is the end of the matter' for purposes of determining whether it is 'properly filed' ..." See Lewis v. Norris, No. 5:08-cv-00009-WRW, 2008 WL 2783286, 6 (E.D.Ark. 2008) (quoting Pace v. Diguglielmo, 544 U.S. at 414; Walker v. Norris, 436 F.3d at 1032).

Here, the state trial court dismissed William's Rule 37 petition, in part, because it was untimely, and the state Court of Appeals summarily affirmed. Because the state trial court found that the petition was invalid under state law, the petition was not "properly filed" for purposes of 28 U.S.C. 2244(d)(2) and did nothing to toll the one-year period.

Williams maintains that the state trial court erred when it dismissed his Rule 37 petition as untimely. He so maintains because a certificate of service attached to the petition reflects that he served a copy of it on the state trial court and a deputy prosecuting attorney by placing the petition in the mail on May 1, 2019, or well within the sixty day period for filing a timely petition. See Docket Entry 5, Exhibit D at CM/ECF 49.

The undersigned declines Williams' invitation to rely upon the certificate of service, give him the benefit of the state "mailbox rule" codified at Rule 37.2(g), and find that his Rule 37 petition was timely. The undersigned declines to do so for three reasons.

First, Williams never presented this argument to the state courts. See Smith v. Payne, 5:16-cv-00066-DPM-BD, 2020 WL 6144524 (E.D.Ark. 2020), report and recommendation adopted as modified sub nom. Smith v. Kelley, 2020 WL 5496094 (E.D.Ark. 2020).[5] Although he appealed the denial of his Rule 37 petition to the state Court of Appeals, he did not challenge either of the reasons the state trial court gave for denying his petition. Instead, he continued to argue the merits of his claims for relief.

---

5       There, the petitioner argued that the procedural grounds for rejecting Rule 37 relief in Arkansas are inadequate to bar federal habeas review because the procedural rules are not "firmly established" and are "inconsistently followed." The argument was not considered by the federal courts because it was not raised in the state courts, and it was too late in the litigation to engage in a de novo review of the rules' adequacy.

Second, save some unusual circumstance, "federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules." See Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (procedural bar). This case does not present an unusual circumstance.[6]

Last, the certificate of service reflects that Williams mailed his Rule 37 petition to the state trial court and a deputy prosecuting attorney. "A state post-conviction application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including ... the court and office in which it must be lodged ..." See Sims v. Hobbs, No. 5:12-cv-00043-JLH-BD, 2012 WL 2878129, 2 (E.D.Ark. 2012), report and recommendation adopted, 2012 WL 2874239 (E.D.Ark. 2012). It is not clear if Williams complied with the applicable laws and rules governing filings in the State of Arkansas when he mailed the petition to the state trial court and a deputy prosecuting attorney.[7]

---

[6] An unusual circumstance arose when a filing requirement was imposed that was not required by Rule 37. See May v. Payne, No. 5:18-cv-00053-BSM-JTR, 2020 WL 1847644 (E.D.Ark. 2020), report and recommendation adopted, 2020 WL 1845233 (E.D.Ark. 2020) (state circuit court clerk imposed "cover sheet" filing requirement not required by Rule 37 and declined to file otherwise timely petition).

[7] Williams has also offered nothing to support his assertion that the Pulaski County Circuit Court Clerk "purposely withheld" Williams' Rule 37 petition until filing it on May 29, 2019. Because Williams mailed his petition to the state trial court and a deputy prosecuting attorney, and not to the Pulaski County Circuit Court Clerk, it might explain why it took approximately one month for the Pulaski County Circuit Court Clerk to file the petition.

Given the foregoing, Williams' Rule 37 petition was not "properly filed." The time it was pending before the state trial and appellate courts did nothing to toll the one-year period.

Although 28 U.S.C. 2244(d)(2) affords Williams no benefit, the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals outlined the dimensions of the equitable tolling doctrine:

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief...." ... "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" ...

See Id., at 1195. [Citations and italics omitted].

Here, equitable tolling is not warranted as Williams has not shown that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. He has known of the claims at bar since the conclusion of his trial.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D. Ark. 2018) (quoting McQuiggin v. Perkins, 569 U.S. 386-387). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The actual innocence exception affords Williams no benefit. He has not offered new evidence showing that he is innocent. In large part, he simply re-argues the evidence offered at trial. He cannot show that, in light of the allegedly new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

In conclusion, Williams' petition is untimely as it was filed outside the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 8th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE